**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                                     Case No. 22-20679
v.                                    Hon. Denise Page Hood

MARKEITH LEE BROWNING,

       Defendant.
_____/

**ORDER GRANTING UNOPPOSED MOTION FOR SENTENCING**
**MODIFICATION (COMPASSIONATE RELEASE) [ECF No. 66]**

**I.**     **BACKGROUND**

The matter before the Court is Defendant Markeith Lee Browning's Unopposed Motion for Sentencing Modification Compassionate Release pursuant to 18 U.S.C. § 3582 (ECF No. 66). Browning pled to Count 1, 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute of the Superseding Indictment. (ECF No. 38) He was sentenced on June 12, 2025, to 36 months imprisonment, followed by 3 years of supervised release. (ECF No. 58) The sentencing was held at a medical facility. Browning is presently in the custody of the United States Bureau of Prisons at a medical facility.

**II.**     **ANALYSIS**

    **A.**     **The First Step Act**

In resolving motions for reduction of sentence and compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2)

1

whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020); *United States v. Washington,* 122 F. 4th 264, 266 (6th Cir. 2024).   A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions since the court is not constrained by the policies set forth in § 1B1.13.  U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).  The district court may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and does not need to address the others.  *Elias,* 984 F.2d at 519.  But the district court can only grant a defendant's motion for compassionate release by finding that the defendant satisfies all three of § 3582(c)(1)(A)'s prerequisites.  *Id.*

As to what constitutes "extraordinary and compelling reasons," the Sixth Circuit held that what is ordinary, the nonretroactivity of judicial precedent announcing a new rule of criminal procedure, is not extraordinary.  *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022).  What is routine, a defendant serving the duration of a lawfully imposed sentence, is not compelling.  *Id*.  Rehabilitation of the defendant alone cannot be considered extraordinary and compelling.  *Id*. And, combining unrelated factors, such as rehabilitation, and other factors like non-retroactive legal developments, where each individually is insufficient to justify a sentence reduction and each are non-retroactive, cannot be considered extraordinary and compelling.  *Id*.

Extraordinary and compelling circumstances exist when the person is: "(i) suffering from a serious physical or medical condition, [or] (ii) suffering from a serious functional or cognitive impairment . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)  Even where a possibility of recovery exists, courts may still find extraordinary and compelling circumstances when an incarcerated person "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).  The "Other Reasons" catchall provision provides that extraordinary and compelling reasons exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

A defendant must first exhaust all administrative remedies, or, alternatively, wait 30 days after the warden's first receipt of the request.  18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).  Browning has exhausted his administrative remedies.  He submitted a request for reduction in sentence from the warden on September 25, 2025, and more than 30 days have passed since the request.  (ECF No. 66, PageID.1203, .1994-.1995)

3

### B.   First Step – Extraordinary and Compelling Circumstances

#### 1.   Reasons Raised

As to whether there are extraordinary and compelling circumstances to merit a sentence reduction in this case, Browning asserts that he suffers from serious physical conditions and functional impairments that substantially diminish his ability to provide self-care in prison and from which he is not expected to recover.  Browning suffered a series of strokes in December 2023, while in BOP custody serving a supervised release violation sentence in *United States v. Browning*, Case No. 19-20203 (E.D. Mich. J. Berg). He was moved to Select Specialty Hospital, a critical injury recovery facility, in 2024, where he remained through August 2025 when he was sent to his current facility to serve the sentence in the instant case.  Browning currently suffers from cortical blindness and requires assistance with all daily activities of living.  (ECF No. 66, Ex. A, BOP Med Records, beginning at Page.1220)  His brain function has decreased significantly, and his psychomotor history is "Retarded/Slowed" and spends his days confined to bed or a wheelchair.  *Id*.

#### 2.   Medical Condition

Browning has submitted extensive medical records to support his claims that he is suffering from various medical and cognitive issues.  (ECF No. 66, Exhibits A, B)  As noted above, Browning was sentenced while in a medical facility in June 2025.

The Court finds that Browning suffers from serious medical and cognitive conditions and has shown that he is unable to recover from the conditions. Browning has demonstrated extraordinary and compelling reasons under § 1B1.13(b)(1)(B).  He has also

shown that the BOP medical facility is unable to provide adequate care for all his medical and cognitive issues.  Browning has further shown that he is weaker now than  while at the Select Special Hospital in June 2025 and that the gains from that stay have been diminished or lost.

**C.      Second Step – 18 U.S.C. § 3553(a)(1) Factors**

The second step requires that the sentencing court consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...
>                                     * * *
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553 (West).

5

The Sixth Circuit has repeatedly recognized that district courts may deny relief under § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief. *Ruffin,* 978 F.3d at 1008. The entire record is considered, including the district court's balancing of the factors at the original sentencing. *Id.*

At sentencing, the Court reviewed these factors thoroughly prior to imposing the sentence and continues to adopt those findings in this Order. The Court found and continues to find that the sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense. As noted by the Sixth Circuit, "the facts that existed at sentencing–such as the 'nature and circumstances of the offense,' [and] the defendant's background," may be considered as part of a district court's § 3553(a) analysis. *United States v. Hunter,* 12 F. 4th 555, 569 (6th Cir. 2021).

The amount of time served may also be considered in determining whether a sentence modification is appropriate. *Ruffin,* 978 F.3d at 1009. Here, Browning is serving a term of 36 months, with a projected release date in September 2027. The sentence was to be served concurrently with 19-20203-02 but was not because the sentence was reduced to time served at the time of Browning's sentencing. The Court's imposition of this sentence considered the goals of sentencing under § 3553(a), including the need to protect the public, punishment and the seriousness of the crime.

Based on the Court's previous findings at sentencing, the Court continues to find that the nature and circumstances of the offenses are serious. The Court continues to abide by its findings at sentencing as to the history and characteristics of the defendant, in

6

addition to his medical needs while in custody.  The sentence the Court imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense in that it afforded adequate deterrence to criminal conduct, and protected the public from further crimes by Browning.  However, based on Browning's submissions, the BOP is unable to provide the necessary medical care and other necessary treatment in the most effective manner.  After considering the factors set forth in § 3553(a), the Court finds that Browning is entitled to a sentence reduction and compassionate release to obtain medical and other care he requires.  Browning's sentence is reduced to time served.

## III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Reduction of Sentence and Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) **(ECF No. 66)** is GRANTED.

IT IS FURTHER ORDERED that Defendant's sentence in this case is reduced to time served.  The effective date of the Order will be the date when Defendant can be safely released due to his medical condition, after the Bureau of Prisons, Probation, Defense Counsel and Defendant's caregiver (family/friends) have conferred and coordinated Defendant's safe release, but no later than 21 days from

7

the date of this Order.  Probation will update the Court as to the plan to release

Defendant and his status once he begins his term of supervised release.


                              s/Denise Page Hood
                              DENISE PAGE HOOD
                              UNITED STATES DISTRICT JUDGE

DATED:  April 30, 2026

8